**MANDATE**

Nhct
00-cv-1983
Burns

FILED

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

2005 UCT -b P 1: 58

# SUMMARY ORDER

U.S. DISTRICT COURT

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 6th day of September, two thousand five.

PRESENT:

            HON. ROBERT D. SACK,
            HON. ROBERT A. KATZMANN,
            HON. BARRINGTON D. PARKER,

            Circuit Judges.

------------------------------------------------

AURICE BARLOW,

            Plaintiff-Appellant,

        - v -                           No. 04-2915-cv

DEPARTMENT OF PUBLIC HEALTH, State of
    Connecticut, and ELIZABETH WEINSTEIN,

            Defendants-Appellees.

------------------------------------------------

Appearing for Appellant:     CYNTHIA R. JENNINGS, The Barrister
                             Law Group, LLC (Eroll V. Skyers, of
                             counsel), Bridgeport, CT.

Appearing for Appellee:      GARY S. STARR, Shipman & Goodwin,
                             LLP, Hartford, CT.

    On review from the United States District Court for the District of Connecticut (Ellen Bree Burns, _Judge_).

ISSUED AS MANDATE: SEP 2 8 2005  —

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiff-Appellant Barlow brought this claim against her former employer, the Connecticut Department of Public Health (DPH) and Elizabeth Weinstein, a DPH employee. She alleged causes of action under Title VII of the Civil Rights Act of 1964, section 1983, and Connecticut law. The district court granted summary judgment to defendants. On appeal, Barlow asserts that the district court erred in granting summary judgment to defendants on her Title VII and Connecticut law claims.

"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." Allianz Ins. Co. v. Lerner, 416 F.3d 109, 113 (2d Cir. 2005). "We will affirm the judgment only if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law." Id.

For substantially the reasons stated by the district court in its thorough opinion, we conclude that the district court properly granted summary judgment to defendants on all of Barlow's claims. The record is replete with evidence that Barlow was a problem employee. Most of her evaluations noted that she had trouble interacting with others and that she was often uncivil and disruptive. Her supervisors received multiple complaints about her, and directly observed her to be uncivil and uncooperative. There is no substantial evidence in the record of a discriminatory or retaliatory intent on the part of defendants. Barlow therefore did not raise a genuine issue of material fact regarding her Title VII claims, see Fischer v. Vassar Coll., 114 F.3d 1332, 1346-47 (2d Cir. 1997) (en banc), or her wrongful discharge claim under Conn. Gen. Stat. § 31-51q, see D'Angelo v. McGoldrick, 239 Conn. 356, 364 (1996).

We have considered the arguments Barlow makes on appeal, and find them to be without merit.

1    For the foregoing reasons, the judgment of the district
2 court is AFFIRMED.


3                          FOR THE COURT:
4                          ROSEANN B. MACKECHNIE, Clerk


5
6                          By: Oliva M. George, Deputy Clerk        September 6, 2005
                                                                         Date

A TRUE COPY
Roseann B. MacKechnie, CLERK
by                         DEPUTY CLERK

3