UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

AURICE BARLOW

    VS.                                                                                                   CIVIL 3:00CV1983(EBB)

STATE OF CONNECTICUT
DEPARTMENT OF PUBLIC HEALTH
and ELIZABETH WEINSTEIN

RULING ON DEFENDANTS' AMENDED VERIFIED BILL OF COSTS

Judgment entered for the defendants, State of Connecticut Department of Public Health and Elizabeth Weinstein on May 7, 2004, after a ruling entered granting defendants' motion for summary judgment. Plaintiff filed a Notice of Appeal and on October 6, 2005, a Mandate entered affirming the judgment. Defendants filed a Verified Bill of Costs on October 28, 2005, and on October 31, 2005, an Amended Verified Bill of Costs was filed. No objection has been filed to date. For the reasons stated below, the defendants' amended verified bill of costs is granted in part and denied in part.

    A.    <u>FEES FOR COURT REPORTER</u>: Defendants are entitled to costs for an original and one copy of a transcript and any court reporter attendance fees, to be taxed at the prevailing page rate pursuant to Local Rule 80. Maximum transcript rates for an original and one copy are $3.75 per page. Postage and handling and charges for delivery of transcripts are not recoverable as costs, <u>Wahl v Carrier Mfg. Co., Inc.</u> 511 F.2d 209, 217 (7th Cir.,1975). Deposition transcripts are taxable if used at trial

in lieu of live testimony, for cross-examination, for impeachment, or in support of a successful motion for summary judgment pursuant to Local Rule 54(c)2(ii).

Defendants submitted claims for the court reporter's fees for the deposition transcripts of the plaintiff held on September 21, 2001, in the amount of $984.90 and on November 2, 2001, in the amount of $1,109.10 for a total of $2,094.00. The claim for the court reporter's fees for the transcripts of the deposition held on September 21, 2001, in the amount of 984.90 is allowed. Supporting documentation for the second deposition transcript does not reflect a page rate or number of pages. Therefore, the claim for the deposition transcript of the plaintiff in the amount of $1041.50 is disallowed without prejudice to renewal within ten (10) days upon the submission of documentation reflecting the page rate and number of pages.

The total claim for court reporter's fees is allowed in the amount of $984.90.

B. <u>FEES FOR EXEMPLIFICATION AND COPIES</u>:  Defendants submitted a claim for copies of exhibits appended to their motion for summary judgment in the amount of $106.25 which is allowed.

C. <u>ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1923(a)</u>: Defendants submitted a claim for attorney's fees for $20.00 per defendant for a total of $40.00. The $20.00 docket fee may be taxed as costs on trial or final hearing. A review of the docket sheet indicates that the motion for summary judgment was decided on the papers and a hearing was not held in this matter. Therefore, this claim is disallowed. Defendants also submitted a claim for attorney's fees in the amount of $5.00 for the motion for judgment which is allowed.

D. <u>Costs as shown on Mandate of Court of Appeals:</u> Defendants submitted a claim for costs as shown on the Mandate of the Court of Appeals in the amount of $463.10 which is allowed.

E. <u>SUMMARY</u>:   For the reasons previously stated, the defendants' amended verified bill of costs is allowed as follows:

| | |
|---|---|
| COURT REPORTER'S FEES | $ 984.90 |
| FEES FOR COPIES | 106.25 |
| DOCKET FEES | 5.00 |
| COSTS ON MANDATE | 463.10 |
| TOTAL | $1559.25 |

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

Dated in New Haven, Connecticut, this 21ST day of November, 2005.

       KEVIN F. ROWE, CLERK

       BY:
          Lori Inferrera
          Deputy-in-Charge